Buckingham *v.* Andrews.

BUCKINGHAM *vs.* ANDREWS.

Where promissory notes, payable to a foreign executor as such, are indorsed by him as executor, to himself in his individual capacity, and he sues thereon in his own name, he is not to be deemed the representative of a deceased person, according to the laws of this state, so as to exclude the defendant from being a witness in his own favor.

He cannot sue, here, in a representative capacity, and can only be regarded as the indorsee of the notes.

THIS was an action on several promissory notes made by the defendant, payable to John Buckingham, executor, &c. of J. M. L. Scovill. The will of the testator was proved in the state of Connecticut, where the plaintiff resided, and letters testamentary were issued to him there. The notes were indorsed by John Buckingham, executor, to John Buckingham in his individual capacity. The suit was commenced on these notes by John Buckingham as an individual, against the defendant, and tried before Judge LEONARD and a jury, on the 12th of June, 1860. On the trial the defendant offered himself as a witness as to transactions between himself and James M. L. Scovill, deceased, of whom John Buckingham was executor. The plaintiff objected to the examination of the defendant as to such transactions, on the ground that the plaintiff is the representative of a deceased person, and, under section 399 of the code, the defendant is, therefore, incompetent as a witness in respect to the said transac-

tions. The court sustained the objection, and excluded the testimony, under the exception of the defendant. The jury found for the plaintiff a verdict for $4078.10. The judge directed judgment to be suspended until the hearing by the general term of the question raised by the exceptions.

*Cummins, Alexander & Green,* for the appellant. I. The judge erred in excluding the testimony of the defendant. (1.) The suit was not by the plaintiff in his representative capacity as executor, but in his individual capacity. (*Sheldon* v. *Hoy,* 11 *How. Pr. Rep.* 11.) The court had already so decided. The suit could not have been brought by the plaintiff as executor, without taking out letters in this state, the will being probated in Connecticut and plaintiff residing there. (*Dayton on Surrogates,* 205. *Robinson* v. *Crandall,* 9 *Wend.* 426.) (2.) The code only excludes the testimony of parties to the suit as to transactions with a deceased person, when the party against whom such evidence is sought to be introduced sues in his representative capacity as executor or administrator, &c. of the deceased person. (§ 399 *of Code. Merritt* v. *Seaman,* 2 *Seld.* 168.)

II. The judge erred in denying the motion to dismiss the complaint.

*Wm. E. Curtis,* for the plaintiff. I. The court ruled correctly in denying the motion to dismiss the complaint. An executor can maintain a suit, either in his own name or as executor. (*Merritt* v. *Seaman,* 2 *Seld.* 168.) Where in a similar case an objection was raised to the plaintiff's suing as executor, the court, Ingraham, J., used this language: " The property belongs to the estate; for the proceeds of the note the executor will be required to account, and personally he has no interest in the proceeds. He might have maintained the action in his own name, it is true, but he was not necessarily compelled to do so." (*Eagle* v. *Fox,* 28 *Barb.* 475.)

II. The court properly excluded the testimony of the de-

fendant "in respect to any transactions had personally between the deceased and the defendant," using the language of the code, § 399. The plaintiff is clearly the representative of a deceased person. He is both the executor and the trustee under the will of the deceased. The rule established in the case of *Eagle* v. *Fox*, (*supra*,) is, that though the executor can maintain an action in his own name, he is required to account as executor, and personally has no interest in the proceeds, and is but the representative of the deceased.

III. The motion for a new trial should be denied, and judgment ordered for the plaintiff upon the verdict, with costs.

*By the Court,* INGRAHAM, J. The plaintiff was not the representative of a deceased person, according to the laws of this state. He could not sue here in a representative capacity, and can only be regarded as the indorsee of the note.

The court therefore erred in excluding the witness.

Judgment reversed and new trial ordered; costs to abide the event.

[NEW YORK GENERAL TERM, May 6, 1861. *Clerke, Gould* and *Ingraham,* Justices.]