HEARD APRIL TERM, 1872.

## GUERY, TRUSTEE, *vs.* KINSLER.

In an action by a trustee, appointed by the Court in place of a former deceased trustee, against a surety in a bond, it is competent for the defendant to prove by the principal obligor, payment of the bond to the deceased trustee. The general rule being that interested persons are competent witnesses, and the plaintif not being a party against whom such evidence is excluded by the terms of Section 415 of the Code of Procedure.

Where the terms of a Statute are clear and unambiguous, there is no room for construction, and Courts must apply them according to their literal meaning.

BEFORE MELTON, J., AT LEXINGTON, OCT. TERM, 1871.

Action by Peter C. Guery, trustee, plaintiff, against John H. Kinsler, defendant, on a joint and several bond for $600, dated October 10th, 1857, given by D. D. Fenley, as principal, and defendant and two others, as sureties, to Sarah Brown, deceased.

Sarah Brown left a will by which she bequeathed the bond and other property to John H. Pearson, in trust for Sarah Ann Haight and others, and appointed him executor. Pearson proved the will and accepted the trust. He then died, and one John Ferguson was appointed trustee in his stead. Ferguson also died, and the plaintiff was then duly appointed by the Court trustee in his stead. The defence was payment by Finley to Pearson.

At the trial Fenley was sworn as a witness for the defendant, who offered to prove by him that he paid the bond to Pearson. This evidence was excluded by the Circuit Judge, and the defendant excepted.

The verdict was for the plaintiff, and judgment having been entered thereon the defendant appealed.

*Meetze*, for appellant:

1. The policy of the law, prior to the adoption of the Code, was to exclude no witness on account of interest in the event of the action.—A. A. 1866, 13 Stat., 377. This policy is recognized and asserted by the provisions of the Code.—See §§ 414, 415.

2. The proviso contained in Section 415 is restrictive of this general policy, and restrictive of the general law declared by Section 414, and should be strictly construed in favor of the general policy and in favor of the general law.

3. This proviso creates an exception to the general law declared by Section 414, and excludes the testimony of an interested witness

as to transactions with a person deceased, in cases where such deceased person is represented in the action by an executor, administrator, heir-at-law, next-of-kin, assignee, legatee, devisee, or survivor.

4. The testimony of Fenley as to payments made to Pearson, deceased, was not within the exclusion, for the reason that the action is not one to which the exclusion applies—it is not an action prosecuted or defended by a party acting as Pearson's executor, administrator, heir-at-law, next-of-kin, assignee, legatee, devisee, or survivor.

5. These terms have a distinctive, technical meaning, and the plaintiff, in his relation to Pearson, deceased, stands in neither of the representative characters indicated in the exception.

6. "The Legislature having undertaken to specify the exceptions, the Courts cannot allow any that are not specified by the Legislature."—Parker, J., in *Lobdell* vs. *Lobdell*, 33 Howard's Pr. Rep., 372.

7. Authorities showing the construction by the Courts of New York of the like provision in the N. Y. Code.—*Hight* vs. *Sacket*, 34 N. Y., 447; *Wildey* vs. *Whitney*, 25 Howard Pr. R., 77; *Buckingham* vs. *Andrews*, 12 Abbott's Pr. R., 322; *McCray* vs. *McCray*, 12 Abbott's Pr. R., 1; *Coller* vs. *Wenner*, 45 Barbour, 397.

*Rice*, contra.

Fenley was incompetent.—Section 415, Code.

1. He was interested in the event of the action.

2. Payment (proposed to be proved) is a " transaction."

3. The other party to the transaction was deceased.

4. The plaintiffs, in relation to Pearson, fall within the enumerated exceptions, "executor, administrator, heir-at-law, next-of-kin, assignee, legatee, devisee, or survivor."

Should the construction be strict? Affirmatively, see *McCreary* vs. *McCreary*, 12 Ab., 1, where "representatives" interpreted not to include a guardian in socage, a dowress, or an heir. In *Spalding* vs. *Hallenbeck*, 39 Barb., 79, it means "executors or administrators."

In *Lobdell* vs. *Lobdell*, 33 How., 347, the evidence was ruled in, the transaction being between deceased and another in presence of witness, the decision turning upon the word "personally." So in *Simmons* vs. *Sisson*, 26 N. Y., 265. In *Wildey* vs. *Whitney*, 25 How., 75, "assignee" was construed not to include "legatee," and

right did not accrue "immediately" from deceased. So *Hight* vs. *Sackett*, 34 N. Y., 447, as to assignee and legatee; and *Coller* vs. *Wenner*, 45 Barb., 397, as to "immediately."

Even if the construction should be strict, Guery, the trustee, is within the word "assignee," by operation of law.—*Hight* vs. *Sackett* as above; Hill on Trustees, Section 190, note, Statute 1796; *McNish* vs. *Guerard*, 4 Strob. Eq., 66. No difference in principle between relations of trustee, appointed by Court, to deceased testamentary trustee, and those administrator sustain to intestate; nor of executor to testator. The transfer of estate in each case is by operation of law.

But the construction should be liberal. Legislation in England and this country first enlarged, and then abridged rule as to competency.—1 Ph. Ev., 24, 68, 69, (4th edition); Act of this State, 1866, 377, and present provision; in N. Y. Code of 1849, and amendments up to present; *Hight* vs. *Sackett*, 34 N. Y., 447, 448, etc.; Voorhees, Appendix, Sec., 399; Waits' Code, 746. Object in all to extend exceptions to competency. Same object shown by rulings.— *Lee* vs. *Dill*, 16 Ab., 92; 39 Barb., 516; 41 N. Y., (2 Hand.,) 619; note that "heir" is included in "representatives."

Intention of Legislature, *Dyer* vs. *Dyer*, 48 Barb., 190, declared to be to close mouth of the living in all cases when the other party is deceased; and in *Hight* vs. *Sackett*, 34 N. Y., 447, it is said that the Legislature then supposed they had embraced all parties against whom testimony could be given.

·Aug. 7, 1872. The opinion of the Court was delivered by

MOSES, C. J. The intention of the Legislature in the adoption of the 415th Section of the Code, (15 Stat., 516,) is apparent. It was to guard against a mischief which, but for its enactment, would have been the consequence of the Section which precedes it, providing "that no person offered as a witness shall be excluded by reason of his interest in the event of the action." While the living, of sane mind, were able to answer for themselves, there was no one to protect the estate of the dead, the insane or the lunatic, from the effect of testimony derived from their alleged declarations, without fear of direct contradiction. The mischief it was intended to prevent exists in all its force in the evidence sought to be offered in this case, and if we could give further effect to the intention of the Legislature, by adding to the parties enumerated in the Section as those in whose favor it was to operate, without violating the rule which we

feel bound to apply in the construction of Statutes, we would not hesitate to extend the provision to the relation in which this plaintiff stands to the bond in suit. In principle he is entitled to the protection which the Legislature has offered to those in terms included, and, if in its construction we could permit what is the apparent intention to supersede the other canons prescribed for the construction of Statutes, we would sustain the judgment of the Circuit Judge, and dismiss the motion.

The Section is in restriction of a general right, and we are not at liberty to extend it beyond its clearly expressed design. If there is doubt arising from any ambiguity of expression, it would be proper, if possible, to reconcile it with the intention of the Legislature, if that could be ascertained by the means through which Courts are permitted to reach it. Where, however, an exception is made by words of description, including only persons referred to as occupying particular relations, it would be transcending our authority, and usurping the functions of another department, to include others who, though they may be within the mischief, have not been so recognized, and protected by the enactment.

In *Dunn* vs. *Reid*, 10 Pet., 526, McLean, J., delivering the opinion of the Court, says: "But where the language of the Act is explicit, there is great danger in departing from the words used, to give an effect to the law, which may be supposed to have been designed by the Legislature. Where the language of the Act is not clear, and is of doubtful construction, a Court may well look at every part of the Statute; at its title, and the mischief intended to be remedied in carrying it into effect. But it is not for the Court to say, where the language of the Statute is clear, that it shall be so construed as to embrace cases, because no good reason can be assigned why they were excluded from its provisions." The whole law of construction in regard to the Section which it is contended must be enlarged to exclude the evidence sought to be introduced, is contained in the language above quoted, and it is useless to multiply authorities to the same end.

The party against whom the testimony is prohibited, in the language of the clause, must be "prosecuting or defending the action as executor, administrator, heir-at-law, next-of-kin, assignee, legatee, devisee, or survivor of such deceased person, or as assignee or committee of such insane person or lunatic." The plaintiff here sues in the character of a trustee, succeeding, by appointment, the original trustee, Pearson, now dead, and does not answer the descrip-

tion employed in the Act. He is in no way the representative of Pearson. It is claimed, in the argument for the appellee, that Guery, the plaintiff, is "by operation of law within the word assignee;" but it is not perceived how he can be so comprehended. He does not claim by, under, or through him. He could not maintain an action on the bond by virtue of the Act of 1798, 5 Stat., 830, for that requires the plaintiff "to style himself, in the writ to be issued, the assignee of the obligee in said bond," and on the trial he would be obliged to shew and prove his assignment. Guery, by his appointment, stood in the place of Pearson, holding the bond, not by reason of any transfer from him or his representatives, but as trustee under the will of Mrs. Brown, with all the rights which attached to the trust at its original creation.—See *Davant* vs. *Guerard*, 1 Speers, 242.

The New York Code contains a provision of the same character, though less extensive in the relations to which it applies. It has been held by the Courts of that State that its operation must be restricted to the parties named in it, and cannot be extended to embrace those who, though within its spirit, are not within its letter.— *Hight* vs. *Sacket*, 34 N. Y., 7 Tiff., 447; *Wildey* vs. *Whitney*, 25 How., 75; *Buckingham* vs. *Andrews*, 34 Barb., 434; *McCray* vs. *McCray*, 12 Abb., 1.

The motion is granted, and a new trial ordered.

*Willard*, A. J., and *Wright*, A. J., concurred.